```
                                                        USDC SDNY
                                                        DOCUMENT
UNITED STATES DISTRICT COURT                            ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                           DOC #:_____
------------------------------------------------------- X   DATE FILED:  4/18/22
  UNITED STATES OF AMERICA,                           :
                                                      :
              -against-                               :     17-CR-438 (VEC)
                                                      :
  ANDRE BELLIARD,                                     :     OPINION AND ORDER
                                                      :
                                  Defendant.          :
------------------------------------------------------- X
```

VALERIE CAPRONI, United States District Judge:

On December 3, 2021, Defendant Andre Belliard moved for compassionate release pursuant to 18 U.S.C. § 3582(c). *See* Def. Mem., Dkt. 658 at 2. The Government opposed the motion on the merits, but acknowledged that Mr. Belliard had exhausted his administrative remedies. *See generally* Gov. Opp., Dkt. 665. The Court is authorized to reduce Mr. Belliard's sentence under the rubric of compassionate release if, "after considering the factors set forth in [§] 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons stated below, Mr. Belliard's motion for compassionate release is DENIED.

In March 2019, Mr. Belliard was sentenced to 144 months for his conviction for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Judgment, Dkt. 506 at 1–2. He has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction. Although he has already contracted COVID-19 and is vaccinated (but not boosted), he argues that his obesity, high blood pressure, and anxiety put him at a higher than normal risk of health issues stemming from the COVID-19 pandemic, Def. Mem. at 5–8; that the Bureau of Prisons' mishandling of the pandemic has exacerbated his risk of health issues and the punitive nature of his sentence, *id.* at 8–11, 12–15; that his completion of

1

programs, including half of the courses required to obtain a GED, show he is on the path to rehabilitation, *id.* at 11; and that he and his family have a re-entry plan in place that includes a full-time job, *id.* at 11–12.

The undeniably burdensome conditions of confinement that COVID-19 has wrought, while no doubt difficult, are a generalized situation that does not constitute compelling circumstances for Mr. Belliard in particular. Gov. Opp. at 4. While the Court sympathizes with the unusual difficulties of incarceration during the pandemic, Mr. Belliard has — commendably — been vaccinated against COVID-19. *Id.* The vaccines being administered in the United States all continue to provide robust protection from serious illness or death caused by COVID-19, and the Court encourages Mr. Belliard to receive a booster vaccine, which he previously declined to do, to protect himself and those around him from emerging variants of the virus. *Id.* (citing Ex. A at 61).[1] Mr. Belliard's medical history does not rise to a level of severity that indicates the sort of current, severe medical risk that might merit a sentence reduction, especially in light of the fact that he had already contracted and recovered from COVID-19 prior to being vaccinated. Def. Mem. at 8.

The Court is sympathetic to Mr. Belliard's desire to reunite with his wife and children and to the difficulties they have faced in his absence. *Id.* at 3, 9–10. The Court is also encouraged by Mr. Belliard's work towards obtaining his GED. *Id.* at 11. Nevertheless, these developments do not constitute extraordinary or compelling reasons for Mr. Belliard's release.

---

[1] Although Mr. Belliard argues that that he was first offered a booster only a month and a half after he had completed the two-shot vaccination series and that the second offer was for a different mRNA vaccine type, Def. Reply, Dkt. 668 at 4, at this point it is well-established that receiving a booster vaccine is both safe and advisable and that it is perfectly safe (and some scientists say desirable) to take a booster from a different manufacturer than the manufacturer of the vaccination series an individual first received. *See, e.g.,* Alice Park, *A New Study Makes the Case for Mixing and Matching the Pfizer-BioNTech, Moderna and J&J Vaccine Doses*, TIME (Oct. 15, 2021), https://time.com/6107027/covid-vaccine-mix-and-match/.

Even assuming Mr. Belliard had demonstrated "extraordinary and compelling reasons" warranting a potential sentence reduction, his release at this point, after serving less than half of the sentence imposed by this Court, would be a woefully inadequate punishment for his crime, considering the applicable factors set forth in 18 U.S.C. § 3553(a). Mr. Belliard committed a serious offense: as a member of a racketeering enterprise, he participated in a conspiracy that involved the planning of two robberies, one of which was not carried out because the intended victim moved his drug stash, and one of which not only occurred but involved the pistol-whipping of a man in front of his wife and two underaged children. Gov. Opp. at 2. Given Mr. Belliard's prior criminal justice interventions and the seriousness of the crime to which he pled guilty, the sentence that was imposed was and remains appropriate. None of the factors to which he has pointed in his motion for compassionate release alters that determination.

The Court encourages Mr. Belliard to continue to take advantage of vocational programming while incarcerated. Although Mr. Belliard does not qualify for compassionate release, the Court remains hopeful that, even within the constraints currently imposed because of COVID-19, Mr. Belliard can use his time in prison wisely to become a productive and law-abiding member of society upon his release.

The Clerk of Court is respectfully directed to close the open motion Docket Entry 658.

**SO ORDERED.**

**Date:  April 18, 2022**
**      New York, NY**

_____
VALERIE CAPRONI
United States District Judge